UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALTISSIMA LIMITED,

        Plaintiff,

    -vs-           08-CV-756-JTC

ONE NIAGARA, LLC, et al.,

        Defendants.

  Plaintiff Altissima Limited brought this diversity action in October 2008 against Frank Parlato, Jr. and several business of his related entities, seeking to set aside various encumbrances on a mortgage for real property located in the City of Niagara Falls, New York, known as 360 Rainbow Boulevard South (the former Hooker/Occidental Chemical office building). Plaintiff has moved this court for an order appointing a temporary receiver, as provided for in the terms of the mortgage agreement, to avoid further impairment of its mortgage interest and to collect and administer the rents and profits being collected at the property by Mr. Parlato as manager. Plaintiff also moves for sanctions pursuant to Fed. R. Civ. P. 37, including an order of preclusion and attorney's fees, for defendants' failure to comply with requests for production of documents.

  In response, defendants have filed a cross-motion for summary judgment dismissing the complaint on the ground that Altissima has no standing for the relief sought in this action because it assigned all of its rights in the mortgage to defendant Whitestar Development Corporation in November 2004. Defendants also contend that the matters raised by way of the complaint and motion for appointment of a receiver have already been

decided in favor of Mr. Parlato and his business interests by New York State Supreme Court Justice Frank Caruso in a previously filed concurrent action entitled *Frank Parlato, Jr., et al. v. Incredible Investments Limited, et al.*, Index No. 130869 (N.Y. Sup. Ct. Niagara Co.).

Counsel for the parties appeared in court on May 7, 2009, at which time discussion and argument took place primarily addressing plaintiff's application for appointment of a temporary receiver and discovery requests. As the result of the matters discussed during this appearance, the following is ordered.

1. Plaintiff's motion for appointment of a temporary receiver (Item 31) is denied, without prejudice to renew on a more complete record. Recognizing that appointment of a temporary receiver is an extraordinary remedy which results in the taking and withholding of possession of property from a party without an adjudication on the merits, *see Chambers v. Blickle Ford Sales, Inc.*, 313 F.2d 252, 260 (2d Cir. 1963); *Groh v. Halloran*, 86 A.D.2d 30, 33, 448 N.Y.S.2d 680, 682 (1st Dep't 1982), the courts have required the party seeking the remedy to make a clear showing that the appointment is necessary to prevent irreparable injury to the property interests at stake. *See Spira v. Nick*, 876 F. Supp. 553, 562 (S.D.N.Y. 1995); *see also S.Z.B. Corp. v. Ruth*, 14 A.D.2d 678, 679, 219 N.Y.S.2d 889, 890-91 (1st Dep't 1961) ("courts of equity will exercise extreme caution in the appointment of receivers, which should never be made until a proper case has been clearly established"). Factors to be considered by the court in making the determination whether to appoint a receiver include the fraudulent conduct on the part of the defendant; imminent danger that the property will be lost, diminished in value, or squandered; the inadequacy

of available legal remedies; the probability that harm to the plaintiff by denial of the appointment would be greater than the injury to the parties opposing the appointment; the plaintiff's probable success in the action and the possibility of irreparable injury to plaintiff's interests in the property; and whether the interests of the plaintiff and others sought to be protected will in fact be served by receivership. *See New York v. Fin. Servs. Network*, 930 F. Supp. 865, 872 (W.D.N.Y. 1996); 12 C. Wright & A. Miller, FEDERAL PRACTICE & PROCEDURE: CIVIL, § 2983 at 22-24 (1973). "In the absence of clear proof of the danger of irreparable loss or damage, and proof that a receiver is necessary for the protection of the parties to the action and their interests, a temporary receiver should not be appointed." *Groh*, 86 A.D.2d at 33, 448 N.Y.S.2d at 682.

Based on the matters presented in the parties' pleadings, written submissions, and at oral argument on May 7, 2009, and upon consideration of the relevant factors as outlined above, plaintiff has not made a showing sufficient to convince the court at this juncture of the proceedings that the appointment of a receiver is necessary to prevent irreparable injury to the property at 360 Rainbow Boulevard South. Beyond the allegations in the complaint that the Altissima-Whitestar assignment was fraudulently induced, plaintiff has not come forward with clear proof of fraud on the part of Whitestar or Mr. Parlato, or proof that Altissima's remaining interest in the property will be irreparably harmed by allowing Mr. Parlato to continue in his current role as manager. While the precise nature of the underlying financial transactions remains unclear, it has become evident to the court that there is a significant overlap of interests at stake here, based on the interrelationship of individuals and entities involved in the acquisition and use of the property. The court is concerned that, in the absence of clear proof of irreparable injury, bringing in a neutral

receiver to manage the property at this stage of the proceedings would be just as likely to impair as to protect those interests.

2.  Plaintiff's motion for discovery sanctions (Item 39) is also denied without prejudice. As discussed during the May 7, 2009 meeting, defendants have produced several documents in response to plaintiff's request, but have not properly identified the documents produced to accord with the categories specified in the document request, or specified the reasons for withholding production, as required by the Federal Rules. *See especially* Fed. R. Civ. P. 34(b). Defense counsel is directed to do so forthwith, at the risk of renewal of plaintiff's motion for sanctions. *See* Fed. R. Civ. P. 37(b)(2).

3.  After due consideration, and upon discussion with counsel for the parties, the court finds that this case is appropriate for referral to alternative dispute resolution as provided in Section 2.1.B of the Plan for Alternative Dispute Resolution in the United States District Court for the Western District of New York (the ADR Plan). A copy of the ADR Plan, a list of ADR Neutrals, and related forms and documents can be found at http://www.nywd.uscourts.gov or obtained from the Clerk's Office.

IT HEREBY IS ORDERED that this case is referred to mediation.

FURTHER, that no later than June 12, 2009, the parties shall confer and select a Mediator, confirm the Mediator's availability, ensure that the Mediator does not have a conflict with any of the parties in the case, identify a date and time for the initial mediation session, and file a stipulation confirming their selection on the form provided by the court.

FURTHER, that the initial mediation session shall be held no later than August 10, 2009.

FURTHER, that not less than ten (10) calendar days before the initial mediation session, each party shall provide the Mediator with a memorandum in accordance with Section 5.6 of the ADR Plan.

FURTHER, that the referral of this case to mediation will not delay or defer the discovery process contemplated by this order or other proceedings in the action, and has no effect on the progress of the case toward trial.

FURTHER, that the Mediator shall encourage and assist the parties in reaching a resolution to their dispute, but may not compel or coerce the parties to settle.

FURTHER, that pursuant to Section 5.10 of the ADR Plan, information disclosed during the mediation session shall remain confidential and shall not be made known to any other party or this court without consent of the disclosing party. The Mediator shall not be called as a witness, nor may the Mediator's records be subpoenaed or used as evidence.

FURTHER, that within ten (10) days of the close of each mediation session, the Mediator shall file a form "Mediation Certification" provided by the court.

FURTHER, that counsel and any unrepresented parties shall compensate the Mediator for services rendered pursuant to this Order in accordance with Section 5.3 of the ADR Plan.

FURTHER, that this Referral shall terminate at the close of business on December 11, 2009. In the event settlement is not reached, the case will progress toward trial.

4. Honorable Jeremiah J. McCarthy, United States Magistrate Judge, is hereby designated to act in this case as follows.

Pursuant to 28 U.S.C. § 636(b)(1)(A), all pretrial matters in this case are referred to United States Magistrate Judge McCarthy, including but not limited to: (1) conducting scheduling conferences and entry of scheduling orders pursuant to Fed. R. Civ. P. 16; (2) hearing and disposition of all non-dispositive motions or applications; (3) supervision of discovery; and (4) supervision of all procedural matters involving the aforementioned, or involving the preparation of the case or any matter therein for consideration by the District Judge.

The Magistrate Judge shall also hear and report upon dispositive motions for the consideration of the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).

All motions or applications within the scope of this reference shall be filed with the Clerk and made returnable before Magistrate Judge McCarthy.

The parties are encouraged to consider the provisions of 28 U.S.C. § 636(c) governing consent to complete disposition of the case (including trial, if necessary) by the Magistrate Judge. Instructions and forms for use under those provisions are available from the office of the Magistrate Judge or the Clerk.

5. Finally, this case is reassigned to Honorable Richard J. Arcara, Chief United States District Judge for the Western District of New York, to be the United States District Judge presiding over this matter. All further motions, applications, or correspondence outside the scope of the ADR and Magistrate Judge referrals contemplated by this order shall be directed to Chief Judge Arcara's office, in accordance with established rules and procedures.

So ordered.

\s\ John T. Curtin<br>
JOHN T. CURTIN<br>
United States District Judge

Dated: May 8, 2009
p:\pending\2008\08-756.may8.09