UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALTISSIMA LIMITED,

                  Plaintiff,

v.                                **DECISION AND ORDER**

ONE NIAGARA LLC, et al.,               08-CV-756S(M)

                  Defendants.

## I. INTRODUCTION

This case was referred to United States Magistrate Judge Jeremiah J. McCarthy pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). On February 8, 2010, Magistrate Judge McCarthy issued a Report and Recommendation on numerous motions. He recommends that Defendants' motion for summary judgment dismissing this action for lack of subject matter jurisdiction (Docket No. 151) be granted, that Plaintiff Altissima's cross-motion to dismiss one defendant and one claim from the case (Docket No. 161) be denied, and that Altissima's motions for sanctions and an order of contempt (Docket Nos. 65, 119, 143) be denied.

Presently before this Court are Altissima's objections to the Report and Recommendation. (Docket No. 181.) Defendants have responded by stating their intent to rely on their prior filings. (Docket No. 184.) Thus, the objections are fully briefed, and the matter is now before this Court for review.

1

## II. BACKGROUND

Familiarity with the facts and procedural background of this case is presumed and will be discussed only to the extent necessary to address Altissima's objections.

Altissima commenced this action on October 10, 2008, seeking relief in the form of rescission, declaratory judgment, breach of contract, conversion, and waste relating to a parcel of real property located at 360 Rainbow Boulevard South, Niagara Falls, New York ("the Property"). (Docket No. 1.) Defendant One Niagara LLC ("One Niagara") is fee owner of the Property. (Docket Nos. 1 ¶ 24; 89 ¶ 29.)

On June 16, 2009, Altissima sought leave to amend its Complaint to add a cause of action for foreclosure. (Docket Nos. 59 and 61 ¶ 8.) Altissima acknowledged it could have sought foreclosure via a separate action, but sought to amend its complaint in this case in the interest of judicial economy. (Docket No. 61 ¶ 11.) The motion to amend was granted, and Altissima filed its Amended Complaint on July 31, 2009. (Docket No. 89.)

Defendants moved for summary judgment on November 30, 2009. Among other things, they argued that complete diversity is lacking because Altissima and One Niagara are both citizens of the British Virgin Islands. In response to that motion, Altissima urged that complete diversity exists. Alternatively, it cross-moved to dismiss from the case both One Niagara and the foreclosure cause of action to which One Niagara is indispensable, pursuant to Rules 15(a) and 21 of the Federal Rules of Civil Procedure.

In his Report and Recommendation, Magistrate Judge McCarthy concluded that: (1) for purposes of diversity of citizenship, a limited liability company has the citizenship of its membership and, therefore, complete diversity is lacking between Altissima and One Niagara, (2) where diversity jurisdiction is lacking, district courts may not resort to Rule 21

2

to drop a *dispensable* nondiverse party to establish jurisdiction, (3) even if the prior conclusion were otherwise, One Niagara is an *indispensable* party and the court is without power to drop One Niagara or to permit an amendment for that purpose, and (4) even if the court had the power to grant an amendment for that purpose, Altissima has not established good cause for its untimely request to amend. The Magistrate Judge went on to question the Court's authority to impose sanctions in the absence of subject matter jurisdiction and, in any event, declined to recommend sanctions in favor of Altissima on the ground that it knew or reasonably should have known from the outset that diversity jurisdiction was lacking.

Plaintiff objects to each recommendation. The objections are discussed below to the extent necessary.

### III. DISCUSSION

**A. Standard of Review**

A district court reviews those portions of a report and recommendation to which a party has timely objected under a *de novo* standard of review. 28 U.S.C. § 636(b)(1)(C). The district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record. United States v. Singleton, 608 F. Supp. 2d 397, 401 (W.D.N.Y. 2009) (citing White v. Fischer, No. 04-CV-5358, 2008 U.S. Dist. LEXIS 69110, 2008 WL 4210478, at *1 (S.D.N.Y. Sept. 12, 2008)).

After reviewing the Report and Recommendation and the objections thereto, the district court "may accept, reject, or modify, in whole or in part, the findings or

3

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Where the matter under review is not dispositive of a party's claim or defense, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." 28 U.S.C. § 636(a).

**B.    Objections**

    **1.    <u>The Absence of Diversity</u>**

Here, the existence of diversity turns on the question of how the citizenship of One Niagara, a limited liability company, is determined. Citing <u>Handelsman v. Bedford Village Assocs. Ltd. Pshp.</u>, Magistrate Judge McCarthy concluded that a limited liability company has the citizenship of its membership. 213 F.3d 48, 51-52 (2d Cir. 2000). Altissima objects to this determination on the ground that not all circuit courts have adopted such a rule. Relying on cases from the Sixth, Tenth, and Eleventh Circuits, it contends there is considerable support for treating limited liability companies like corporations for diversity purposes. Altissima urges that, because the Second Circuit adopted its rule without discussion or explanation, this Court should apply reasoned analysis to hold otherwise. According to Altissima, if One Niagara is treated as a corporation, complete diversity exists.

On *de novo* review, this Court sees no reason to deviate from established Second Circuit law on this issue, *particularly where no circuit split exists*. Every other circuit to consider this issue, including the Sixth and Eleventh Circuits, has held that the citizenship of a limited liability company is determined by the citizenship of all of its members. *See* <u>Pramco, LLC v. San Juan Bay Marina, Inc.</u>, 435 F.3d 51, 54-55 (1st Cir. 2006); <u>Gen. Tech. Applications, Inc. v. Exro Ltda</u>, 388 F.3d 114, 121 (4th Cir. 2004); <u>GMAC Commercial</u>

4

Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004); Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004); Provident Energy Assocs. of Mont. v. Bullington, 77 Fed. Appx. 427, 428 (9th Cir. 2003); Homfeld II, LLC v. Comair Holdings, Inc., 53 Fed. Appx. 731, 732-33 (6th Cir. 2002); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); *see also*, Shannon's Rainbow, LLC v. Supernova Media, Inc., 683 F. Supp.2d 1261, 1267 (D. Utah 2010) (noting that the Tenth Circuit has not ruled on this issue, and following majority rule to hold complete diversity lacking).

Applying this uniformly-adopted rule, Altissima and One Niagara are both citizens of the British Virgin Islands. Accordingly, Magistrate Judge McCarthy's conclusion that Altissima and One Niagara are nondiverse is accepted for the reasons stated in the Report and Recommendation and herein. Inasmuch as One Niagara is named in both the original and amended complaints, diversity jurisdiction has been lacking since this case was filed.

### 2. **Altissima's Cross-Motion to Amend**

In the event the Court found diversity jurisdiction absent, Altissima cross-moved for leave to amend its Amended Complaint "to drop One Niagara, LLC as a defendant and to dismiss without prejudice its foreclosure cause of action (as to which One Niagara, LLC is an indispensible party)." (Docket Nos. 165 ¶ 15; 161 at 2.) It urged that "[a] district court's authority to dismiss non-diverse parties and claims as to which they are *indispens[a]ble* as a means by which to preserve jurisdiction . . . is so well-established as to be beyond travail." (Docket No. 166 at 16 (emphasis and alterations added).) Neither of the cases

5

cited support dropping nondiverse *indispensable* parties.[1]

In supplemental briefing, Altissima urged that One Niagara is dispensable as to the First through Fifth causes of action. Therefore, it reasoned, dropping both One Niagara and the foreclosure (Sixth) cause of action will work to cure any jurisdictional defects.

Magistrate Judge McCarthy recommended that Altissima's motion to amend be denied on the ground that the Court lacks power to drop any claim to which One Niagara is indispensable. He further recommended that the motion to dismiss One Niagara from the action be denied, stating that even were the Court to "resort to Rule 21 in order to dismiss a party so as to create complete diversity, [it] could do so only as to a '*dispensable* nondiverse party,'" which Altissima concedes One Niagara is not.[2]

Altissima now argues that Magistrate Judge McCarthy erred in fixing his jurisdictional analysis on the Amended Complaint in disregard of the original pleading. Citing CP Solutions PTE, Ltd. v. General Electric Co., 470 F. Supp. 2d, 151, 155 (D. Conn. 2007), for the proposition that courts should consider "whether diversity jurisdiction existed as of the time the action was commenced," Altissima contends that dismissing the foreclosure cause of action would merely restore the substantive claims in this case to where they stood at the outset. In short, Altissima appears to now suggest that a district court may dismiss a nondiverse party that is admittedly indispensable to the action, so long

---

[1] *See* Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 109 S. Ct. 2218, 104 L. Ed. 2d 893 (1989) (courts of appeals have authority to dismiss a nondiverse party that is *dispensable* to action); Caspary v. Louisiana Land & Exploration Co., 725 F.2d 189 (2d Cir. 1984) (in case involving federal question and appellate jurisdiction, not diversity jurisdiction, appellate court permitted plaintiff to drop with prejudice certain claims he no longer wished to pursue).

[2] As noted in the Report and Recommendation, One Niagara's indispensability to the Amended Complaint is not in dispute. (Docket No. 180 at 11, citing Docket Nos. 166 at 16, 176 at 5; *see also*, Docket Nos. 165 ¶ 15; 181 at 14.)

as that party was arguably dispensable when the action was commenced.

On *de novo* review, this Court finds no reason to accept Altissima's argument. It certainly is true that "for purposes of determining diversity jurisdiction, the *citizenship* of the parties is to be determined with reference to *the facts as they existed at the time of filing.*" Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 569-70, 124 S. Ct. 1920, 158 L. Ed. 2d 866 (2004) [emphasis added]; *see also*, Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998) (existence of diversity jurisdiction is determined by examining the citizenship of parties at the time the action is commenced); Reynolds v. Wohl, 332 F. Supp. 2d 653, 656 (S.D.N.Y. 2004). Here, federal jurisdiction was and is lacking.

It is equally well-settled that "[c]ourts may not drop a non-diverse party from a case to cure a jurisdictional defect if that party is *indispensable*." Rubler v. Unum Provident Corp., 04 Civ. 7102, 2007 U.S. Dist. LEXIS 7791, at *3 (S.D.N.Y. Jan. 25, 2007) (citations omitted) [emphasis added]. *See also*, Grupo Dataflux, 541 U.S. at 572-73; LaFontaine v. Western Galleria Hotel, 125 F.R.D. 24, 25 (D. Conn. 1988) ("Indispensable parties cannot be dropped merely to achieve complete diversity.").

The determination of whether a party is dispensable or not must be made with reference to the claims before the Court at the time the jurisdictional issue is raised—*i.e.*, the case presented in the operative pleading, here the Amended Complaint. "[T]he question always is or should be, *when objection is taken to the jurisdiction of the court* by reason of the citizenship of some of the parties, whether, *to a decree authorized by the case presented*, they are indispensable parties." Samaha v. Presbyterian Hospital in NY, 757 F.2d 529, 531 (2d Cir. 1985) (quoting Horn v. Lockhart, 84 U.S. (17 Wall.) 570, 579,

7

21 L. Ed. 657 (1873)). *See* Envirokare Tech, Inc. v. Pappas, 05 Civ. 5515, 2005 U.S. Dist. LEXIS 32820, at *1-2, 7-8 (S.D.N.Y. 2005) (finding citizenship of parties on date of commencement of action controls for jurisdictional purposes, but analyzing claims in amended complaint to determine whether plaintiff had failed to join an indispensable defendant); Cabrini Dev. Council v. LCA-Vision, Inc., 197 F.R.D. 90 (S.D.N.Y. 2000), *vacated in part on other grounds sub nom.*, Excimer Assocs. v. LCA Vision, Inc., 292 F.3d 134, 139-40 (2d Cir. 2002) (district court looked to amended complaint to determine indispensability, and then remanded action for lack of diversity jurisdiction, which also was absent at time of removal). Here, Altissima concedes One Niagara is indispensable to the Amended Complaint. That concession is determinative of the outcome, as Altissima has provided no authority in support of dismissing an *indispensable* party. That One Niagara may have been dispensable prior to Altissima's voluntary amendment to add the foreclosure claim does not alter that outcome; the pleading now before the Court for resolution includes at least one claim as to which One Niagara is concededly *indispensable*. Cabrini, 197 F.R.D. at 96.

Accordingly, for the reasons stated in the Report and Recommendation and herein, this Court accepts Magistrate Judge McCarthy's recommendation that Altissima's cross-motion to amend be denied on the ground that indispensable defendant, One Niagara, cannot be dropped to achieve complete diversity. Similarly, because no federal jurisdiction exists, this Court cannot permit further amendment of the Amended Complaint to drop the Sixth Cause of Action and thereby render One Niagara arguably dispensable.[3] This latter

---

[3] Magistrate Judge McCarthy found no need to determine whether One Niagara would be dispensable to the First through Fifth causes of action, should the motion to amend be granted.

holding renders moot Altissima's objection to the Report and Recommendation's finding that Altissima failed to demonstrate good cause for allowing an amendment.

### 3. Rule 21 and Dispensable Parties

Altissima also objects to Magistrate Judge McCarthy's conclusion that, where diversity jurisdiction is lacking, district courts may not resort to Rule 21 to drop a *dispensable* nondiverse party to establish jurisdiction. Having accepted the recommendation that the case must be dismissed due to Altissima's concession of One Niagara *indispensability*, this Court finds it unnecessary to consider what the outcome might have been had its dispensability to the Amended Complaint been at issue. Accordingly, I reject this portion of the Report and Recommendation without analysis, as an issue that need not be addressed by the Court.

### 4. Altissima's Motions for Sanctions

Magistrate Judge McCarthy refused to exercise his discretion to impose sanctions in favor of Altissima on the ground that Altissima knew or reasonably should have known from the outset that diversity was lacking. This Court may modify or set aside this nondispositive determination if it is clearly erroneous or contrary to law. Altissima's objections do not identify any such defect. Accordingly, the determination is accepted.

## IV. CONCLUSION

This Court accepts the recommendation in Magistrate Judge McCarthy's February 2, 2010 Report and Recommendation (Docket No. 180), as modified herein.

9

## V. ORDERS

IT HEREBY IS ORDERED, that this Court accepts Magistrate Judge McCarthy's February 8, 2010 Report and Recommendation (Docket No. 180), for the reasons given and the additional reasons stated herein, except that the Report and Recommendation is modified with respect to the discussion at the third paragraph on page 7 through the first full paragraph of page 11. This discussion is deleted as unnecessary in that the issue presented need not be addressed by this Court.

FURTHER that Defendants' Motion for Summary Judgment (Docket No. 151) is GRANTED to the extent it seeks dismissal of the Amended Complaint, without prejudice, for lack of jurisdiction.

FURTHER that Plaintiff's Cross-Motion for Leave to Amend its Amended Complaint (Docket No. 161) is DENIED.

FURTHER that Plaintiff's Motions for Sanctions and an Order of Contempt (Docket Nos. 65, 119, 143) are denied.

FURTHER that the Clerk of Court is directed to close this case.

SO ORDERED.

Dated: September 2, 2010
       Buffalo, New York

                                     /s/William M. Skretny
                                       WILLIAM M. SKRETNY
                                       United States District Judge